OPINION
On August 6, 1999, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Bryan Meyer born November 7, 1991, Joshua Riehl born April 24, 1993 and Christina Riehl born July 22, 1996, alleging the children to be abused and/or dependent. Mother of the children is Diane Riehl. Father of Joshua and Christina is appellant, Blake Riehl; the established father of Bryan is James Meyer, although mother has named an alleged father, Kevin Deruggiero. All of the children were placed into the emergency custody of appellee. A case plan was filed on September 3, 1999.
An adjudicatory hearing was held on November 2, 1999. By judgment entries filed November 3, 1999, the trial court found Bryan to be abused and Joshua and Christina to be dependent. The trial court granted temporary custody of the children to appellee.
On July 5, 2000, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. Dispositional hearings were held on September 25, 2000, October 25, 2000, December 19, 2000 and March 13, 2001. By judgment entry filed March 16, 2001, the trial court awarded permanent custody of the children to appellee. The trial court filed findings of fact and conclusions of law on same date.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE THE TESTIMONY AND REPORT OF DR. ANTHONY BELLO IN THAT SAID TESTIMONY WAS PRIVILEGED, PURSUANT TO O.R.C. 4732.19, AND APPELLANT CLEARLY INTENDED TO ASSERT SAID PRIVILEGE.
 II. THE ENTIRE DIRECT EXAMINATION OF THE WITNESS DIANA IVAN WAS ERRONEOUSLY ALLOWED BY THE TRIAL JUDGE OVER REPEATED OBJECTIONS BY APPELLANT'S TRIAL COUNSEL.
 III. THE TRIAL COURT ERRED IN ITS FINDINGS OF FACT AS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WITH RESPECT TO THE TESTIMONY PROVIDED BY CASE WORKER SUE SNYDER AND ABUSED IT'S (SIC) DISCRETION BY DISREGARDING A STIPULATION WHICH IT APPROVED.
 I, II
In these assignments of error, appellant claims the trial court erred in admitting the testimony of Gerald Bello, Ph.D., a psychologist, and Diana Ivan, an intake worker for appellee. In its brief, appellee concedes the error.[1] Therefore, these assignments are granted.
 III
Appellant claims the trial court's decision was against the manifest weight of the evidence. Appellant also argues the trial court's findings of fact are in error with respect to the testimony of Sue Snyder, the family service worker assigned to the case, and a stipulation agreed to by the parties regarding his progress on the case plan. We disagree.
Despite the granting of Assignments of Error I and II, we believe the issue of manifest weight of the evidence can be properly evaluated subjudice. As a result of our decision in said assignments, we will review the record without the testimony of Dr. Bello and Ms. Ivan.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 [2151.35.3] of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 [2151.35.3] of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child.
 The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
Any other factor the court considers relevant.
R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
It is uncontested that the mother, Diane Riehl, sexually abused Bryan and was serving a term of imprisonment for rape and gross sexual imposition. September 25, 2000 T. at 8-9. She stipulated to permanent custody which the trial court accepted. Id. at 20. Ms. Riehl testified that appellant might cause further harm to the children should he retain custody. December 19, 2000 T. at 8.
Sue Snyder, the ongoing family service worker, testified appellant lost permanent custody of three other children on January 14, 1998. September 25, 2000 T. at 22-23; State's Exhibit B.
Aleta Braykovich, a child and adolescent therapist, evaluated the children. December 19, 2000 T. at 29. She testified the children had been violated "in many different ways by different people." Id. at 33. Bryan told Ms. Braykovich that appellant had molested him, including sodomy and oral sex. Id. at 38, 44. Bryan explained that "both mom and dad [appellant] did watch while the other one was sexually abusing the children." Id. Bryan spoke of witnessing appellant abusing the other two children. Id. Joshua told Ms. Braykovich that appellant "touched me on my private with his mouth and tried to put his penis in my butt" and "made me suck his private." Id. at 54, 55. Joshua stated appellant "touched me more then my mom." Id. at 55. Christina told Ms. Braykovich that her mother "hurt her" and appellant was "around when the sexual abuse was occurring." Id. at 59. Both Joshua and Christina expressed the desire not to live with appellant as they do not feel safe with him. Id. at 61, 63.
Appellant presented the testimony of Cheryl Benson-Blankenship, Ph.D., a psychologist, who evaluated appellant. Id. at 96. She stated there was never any indication that appellant sexually violated the children. Id. at 99. Dr. Benson-Blankenship testified appellant was doing what was requested and following through on treatment, but admitted that ongoing counseling was needed. Id. at 108-109, 115.
Appellant denied molesting the children and any knowledge of the mother's sexual abuse of the children. Id. at 125.
The trial court as the trier of fact was faced with determining the credibility of the witnesses. The trial court specifically found Ms. Braykovich's testimony to be more credible than Dr. Benson-Blankenship's expert opinion. See, March 16, 2001 Findings of Fact Nos. 11 and 13. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
Accepting that credibility is the call of the trier of fact, the evidence strongly supports the conclusion of appellant's knowledge of the prolonged sexual abuse by the mother and his actual involvement in the abuse. The mother admitted the children would not be safe with appellant. We find the most liberal interpretation of the evidence establishes appellant's lack of care in protecting the children from harm. The strict interpretation of the evidence supports that appellant also abused the children.
Appellant also argues the trial court's Finding of Fact No. 8 wherein the trial court found he was not completing the case plan was contrary to the stipulation that he was "working his case plan." December 19, 2000 T. at 88-89. We do not find this to be a contradiction. The case plan was centered around parenting and the sexual abuse issue. Appellant was required to attend Melymbrosia treatment, but chose an alternative measure because he denied he was sexually abusing the children. Appellant refused to accept the sexual abuse diagnosis even as it referred to the mother. Such a blind sighted approach to the case plan cannot be termed cooperating with the case plan. We find the trial court's findings of fact to be supported by the evidence despite the stipulation.
Upon review, we find clear and convincing evidence to support the trial court's decision to grant permanent custody of the children to appellee. We find no abuse of discretion by the trial court.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.
[1] Because the mother, Diane Riehl, had invoked her right against self incrimination, Ms. Ivan's testimony might very well have qualified under Evid.R. 804(A)(1).